**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO: 8:06-cr-349-T-30MAP

YOLANDA MOORE
_____/

# ORDER

This cause comes before the Court on [Dkts. 260] Defendant's *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. §3582(c)(2)(i)(ii) and [Dkt. 263] Defendant's *pro se* Motion for Modification or Reduction of Sentence Based Upon Retroactive Guideline Amendment to §2D1.1 Concerning Cocaine Base "Crack" and Its Effect Pursuant to 18 U.S.C. §3582(c)(2) and §1B1.10(c). The United States Sentencing Commission has promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses in many cases for eligible defendants sentenced on or after November 1, 2007. The Commission later decided this Amendment should be applied retroactively to defendants sentenced before November 1, 2007. The Defendant in this case was sentenced prior to November 1, 2007. On January 31, 2007, the Defendant was sentenced after pleading guilty to Count One of the Indictment alleging Conspiracy to Possess With Intent to Distribute and to Distribute 500 Grams or More of Cocaine in violation of 21 § 846 and §841(b)(1)(B)(ii).

Based upon a preliminary review of the Defendant's case, the Court issued an order [Dkt. 261] regarding the Defendant's possible eligibility for up to a two-level reduction in her base offense level. The Defendant was appointed counsel from the Public Defender's Office, a supplemental PSI was drafted by the Probation Office, and counsel for the government and

defendant were ordered to respond to the Defendant's eligibility for a sentence reduction.

The Court has reviewed the Probation Office's Supplemental PSI and determines that a response from the Government and/or the Defendant is not necessary. The Court finds that the offense related to the defendant's charges in this case do not relate to cocaine base or the application of any specific offense characteristics associated with cocaine base. The defendant's guidelines were calculated based upon her involvement for distributing between 15 and 50 kilograms of powder cocaine. The Court finds that the defendant was properly scored by the Probation Office for her conduct in the offense. Therefore, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C § 3582(c) and is not consistent with USSG §1B1.10.

It is ORDERED and ADJUDGED that [Dkt. 260] Defendant's *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. §3582(c)(2)(i)(ii) and [Dkt. 263] Defendant's *pro se* Motion for Modification or Reduction of Sentence Based Upon Retroactive Guideline Amendment to §2D1.1 Concerning Cocaine Base "Crack" and Its Effect Pursuant to 18 U.S.C. §3582(c)(2) and §1B1.10(c) are DENIED.

**DONE** and **ORDERED** in Tampa, Florida on April 21, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Defendant:  Yoland Moore, #48889-018
            FCI Tallahassee
            501 Capital Circle, NE
            Tallahassee, FL 32301
U.S. Probation
Bureau of Prisons